GRAZIANO, APPELLANT, *v.* BOARD OF EDUCATION OF THE AMHERST EXEMPTED VILLAGE SCHOOL DISTRICT, APPELLEE.

[Cite as Graziano *v.* Amherst Exempted Village Bd. of Edn. (1987), 32 Ohio St. 3d 289.]

(No. 86-1747.— Decided September 2, 1987.)

*Marshall & Melhorn, John G. Mattimoe, Richard M. Kerger* and *Dominick J. Graziano,* for appellant.

*Whalen & Compton Co., L.P.A., Dennis M. Whalen* and *R. Brent Minney,* for appellee.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Robert T. Baker, Kimball H. Carey* and *Richard W. Ross,* urging affirmance for *amicus curiae,* Ohio School Boards Association.

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Dennis Haines* and *Barry Laine,* urging reversal for *amicus curiae,* Ohio Education Association.

*Per Curiam.* The main issues in this cause require a construction by this court of the applicable standard of review in a teacher-contract-termination case. The determinative statute in issue, R.C. 3319.16, as it read at the time relevant herein, provided in relevant part:

*"The contract of a teacher may not be terminated except for gross inefficiency or immorality; for willful and persistent violations of reasonable regulations of the board of education; or for other good and just cause.* Before terminating any contract, the employing board shall furnish the teacher a written notice signed by its treasurer of its intention to consider the termination of his contract with full specification of the grounds for such consideration. The board shall not proceed with

formal action to terminate the contract until after the tenth day after receipt of the notice by the teacher. *Within ten days after receipt of the notice from the treasurer of the board, the teacher may file with the treasurer a written demand for a hearing before the board or before a referee, and the board shall set a time for the hearing* which shall be within thirty days from the date of receipt of the written demand, and the treasurer shall give the teacher at least twenty day's notice in writing of the time and place of the hearing. If a referee is demanded by either the teacher or board, the treasurer shall also give twenty day's notice to the superintendent of public instruction. * * *

"Both parties may be present at such hearing, be represented by counsel, require witnesses to be under oath, cross-examine witnesses, take a record of the proceedings, and require the presence of witnesses in their behalf upon subpoena to be issued by the treasurer of the board. In case of the failure of any person to comply with a subpoena, a common pleas judge of the county in which the person resides, upon application of any interested party, shall compel attendance of the person by attachment proceedings as for contempt. Any member of the board or the referee may administer oaths to witnesses. After hearing by a referee, the referee shall file his report within ten days after the termination of the hearing. *After consideration of the referee's report, the board by a majority vote may accept or reject the referee's recommendation on the termination of the teacher's contract.* * * *

"*Any teacher affected by an order of termination of contract may appeal to the court of common pleas of the county in which the school is located within thirty days after receipt of notice of the entry of such order. The appeal shall be an original action in the court and shall be commenced by the filing of a petition against the board, in which petition the facts shall be alleged upon which the teacher relies for a reversal or modification of such order of termination of contract.* Upon service or waiver of summons in said appeal, the board shall immediately transmit to the clerk of said court for filing a transcript of the original papers filed with the board, a certified copy of the minutes of the board into which the termination finding was entered, and a certified transcript of all evidence adduced at the hearing or hearings before the board or a certified transcript of all evidence adduced at the hearing or hearings before the referee, whereupon the cause shall be at issue without further pleading and shall be advanced and heard without delay. *The court shall examine the transcript and record of the hearing and shall hold such additional hearings as it deems advisable, at which it may consider other evidence in addition to the transcript and record.*

"*Upon final hearing, the court shall grant or deny the relief prayed for' in the petition as may be proper in accordance with the evidence adduced in the hearing. * * *"* (Emphasis added.)

The first issue to be determined concerns the weight to be accorded a referee's findings by a board of education where a hearing before a referee is held pursuant to R.C. 3319.16. The defendant-appellee school board and *amicus curiae* Ohio School Boards Association contend that the role of the referee under the statute is merely advisory, and that a board of education may summarily reject the recommendation made by the impartial referee since the board of education is the ultimate decision-maker at the administrative level in a hearing held pursuant to R.C. 3319.16.

While determination of this issue is

not absolutely essential to our ultimate holding herein, we find it necessary to render an opinion on this question since the same has been preserved by the parties in this appeal. Upon due consideration of the various arguments raised concerning this issue, we find that the report and recommendation undertaken by the referee pursuant to R.C. 3319.16 must be considered and weighed by the board of education. We believe that due deference must be accorded to the findings and recommendation of the referee in this type of situation, especially where there exist evidentiary conflicts, because it is the referee who is best able to observe the demeanor of the witnesses and weigh their credibility. See, generally, *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 17 O.O. 3d 65, 407 N.E. 2d 1265; and *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273. However, the board of education is not bound by the recommendation rendered by the referee, since such a standard would undermine the express statutory language that provides: "[a]fter consideration of the referee's report, the board by a majority vote may accept or reject the referee's recommendation on the termination of the teacher's contract."

Therefore, we find that when a board of education determines to reject the recommendation given by the referee, the school board should, in the spirit of due process, articulate its reasons therefor.

All the foregoing notwithstanding, the determinative issue presented in this appeal relates to the proper scope of review that a court of common pleas possesses in a teacher-contract-termination case brought under R.C. 3319.16.

In *Hale* v. *Bd. of Edn.* (1968), 13 Ohio St. 2d 92, 42 O.O. 2d 286, 234 N.E. 2d 583, this court held in the first paragraph of the syllabus:

"The Common Pleas Court may reverse an order of termination of a teacher's contract, made by a Board of Education, where it finds that such order is not supported by or is against the weight of the evidence. (Section 3319.16, Revised Code, construed and applied.)"

In addition, a review of the pertinent language in R.C. 3319.16 reveals that the appeal to the court of common pleas "shall be an original action in the court" where "[t]he court shall examine the transcript and record of the hearing and shall hold such additional hearings as it deems advisable, at which it may consider other evidence in addition to the transcript and record."

While an appeal before the common pleas court pursuant to R.C. 3319.16 does not include a right to a trial *de novo, Powell* v. *Young* (1947), 148 Ohio St. 342, 35 O.O. 322, 74 N.E. 2d 261, paragraph one of the syllabus, the clear statutory language does however empower the court to weigh the evidence, hold additional hearings and render factual determinations. *Hale, supra.* In the cause *sub judice,* the court of common pleas held that the decision of the school board to terminate plaintiff's teaching contract was not supportable under the *Hale* "preponderance of [the] evidence" standard. Given the precise language of R.C. 3319.16, along with our prior pronouncement in *Hale, supra,* we find that the court of common pleas acted well within the scope of its powers in reversing the board of education's decision. In light of the opinion rendered by the appellate court below, we believe that the court of appeals misperceived the scope of review of the common pleas court in an R.C. 3319.16 proceeding by substituting its judgment for that of the trial court. See

*Conrad, supra.* While a court of common pleas possesses the power to weigh the evidence and determine credibility of witnesses in an R.C. 3319.16 proceeding, an appellate court reviewing that determination is under a limited scope of review. Thus, we hold that the court of common pleas did not abuse its discretion in reversing the board of education's decision to terminate plaintiff's teaching contract. Absent an abuse of discretion on the part of the trial court, the court of appeals may not engage in what amounts to a substitution of judgment of the trial court in an R.C. 3319.16 proceeding.

Accordingly, the judgment of the court of appeals is hereby reversed and the judgment of the court of common pleas is reinstated.

*Judgment reversed.*

SWEENEY, HOLMES, DOUGLAS and H. BROWN, JJ., concur.

DOUGLAS, J., concurs separately.

MOYER, C.J., and WRIGHT, J., concur in part and dissent in part.

LOCHER, J., dissents.

DOUGLAS, J., concurring. I agree with the analysis contained in today's decision, and write separately only to clarify certain aspects of the review process for orders of a board of education terminating a teacher's contract.

As explained by the majority, where a referee makes a recommendation to the board, the board is not absolutely bound to follow that recommendation, but must accord it considerable weight in making its decision. The teacher may then appeal the board's order to the court of common pleas, wherein the court shall examine the record and may, in its discretion, take additional evidence. R.C. 3319.16. The common pleas court may then reverse the board's order "where * * * such order is not supported by or is against the weight of the evidence." *Hale* v. *Bd. of Edn.* (1968), 13 Ohio St. 2d 92, 42 O.O. 2d 286, 234 N.E. 2d 583, paragraph one of the syllabus. If the judgment of the court of common pleas is then appealed to the court of appeals, review in the appellate court is strictly limited to a determination of whether the common pleas court abused its discretion. This scope of review is, of course, extremely narrow. The term "abuse of discretion" has been defined as implying " 'not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State, ex rel. Commercial Lovelace Motor Freight, Inc.,* v. *Lancaster* (1986), 22 Ohio St. 3d 191, 193, 22 OBR 275, 277, 489 N.E. 2d 288, 290, quoting *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590-591, 50 O.O. 465, 469, 113 N.E. 2d 14, 19.

The circumscribed scope of review in the court of appeals is amply justified, for it is the trial court, not the appellate court, which has had the opportunity to observe the demeanor of the witnesses and judge their credibility firsthand. It is more difficult for a court of appeals to evaluate such vital matters as credibility from transcriptions of testimony witnessed live by the trial court. The fact that the only two fact-finders in the instant case, the referee and the trial court, both found in favor of appellant after viewing the witnesses is itself a very compelling basis for upholding their findings.

That the court of appeals did not apply the proper standard of review is apparent from the entire thrust of its opinion, which considered the evidence and then determined that *the order of*

*the board* was supported by the record. That is not the question. The question for the court of appeals is whether the judgment of the common pleas court constitutes an abuse of discretion. I am in complete agreement with the decision today, holding that no such abuse of discretion occurred.

H. BROWN, J., concurs in the foregoing opinion.

MOYER, C.J., concurring in part and dissenting in part. I concur in the majority's clarification of the duty of a board of education under R.C. 3319.16 when it considers the report of a referee in a contract-termination matter, although that issue is not determinative of the appeal before us. I also concur in the majority's conclusion that the court of appeals substituted its judgment for that of the trial court. However, the question does not end there.

The court of appeals may reverse the judgment of the trial court only if it finds that the trial court abused its discretion. Because the factual allegations of the students are so serious and for the most part not denied, it is not unreasonable to assume that the court of appeals, by applying the correct legal test, could find that the trial court abused its discretion when it found that the school board's termination of Graziano's teaching contract was against the manifest weight of the evidence.

I would therefore not reinstate the judgment of the court of common pleas but would remand the cause to the court of appeals to apply the correct standard in reviewing the judgment of the court of common pleas.

WRIGHT, J., concurs in the foregoing opinion.

LOCHER, J., dissenting. I agree that a board of education's decision to terminate a teacher's contract must be supported by a preponderance of the evidence, and I also agree that a court of common pleas may reverse that decision if it finds that it is not supported by or is against the weight of the evidence. See *Hale* v. *Bd. of Edn.* (1968), 13 Ohio St. 2d 92, 42 O.O. 2d 286, 234 N.E. 2d 583. However, unlike the majority, I would hold that the board's decision in the case *sub judice* is supported by a preponderance of the evidence, and that consequently the court of common pleas' reversal of that decision is an abuse of discretion.

The board found that appellant's contract should be terminated for "immorality and/or other good and just cause." Supporting the board's decision was the mostly uncontroverted testimony of the five girls involved, who stated under oath that the appellant had embarrassed and offended them by frequently touching them on the back, knees and thighs, and by initiating conversations with them involving intimate, sexual and personal matters.

In my opinion, such conduct on the part of a teacher is clearly undesirable and intolerable in a classroom setting, and constitutes good cause for the termination of such a teacher's contract. I am in substantial agreement with the court of appeals, which stated the following:

"Taking a look at the Board's evidence, we find three of the girls alleged a touching and rubbing of their thighs. That area of the body is generally accepted as an erogenous zone and touching would be immoral as well as unlawful if done without the consent of those of consent age (R.C. 2907.01; R.C. 2907.06). Their testimony further suggests the touching of other areas of their per-

sons without their consent and done in a 'flirtacious' [*sic*] manner. Inferences could readily be drawn from the nature of the touching that there was a sexual or other improper motivation when coupled with the alleged nature of the conversation purportedly initiated by Graziano. We disagree with the trial court and find that it is sufficient grounds for termination if the repeated or persistent non-consensual touching is such that he knew or reasonably should have known it would be 'embarrassing and/or offensive' to the student."

Furthermore, I would point out that a board of education must necessarily take more than a referee's report into account when deciding whether to terminate a teacher's contract. While a referee's report is entitled to deference, a board of education must also consider "the needs and requirements of the students and the community that it serves." *Florian* v. *Highland Local School Dist. Bd. of Edn.* (1983), 24 Ohio App. 3d 41, 44, 24 OBR 93, 96, 493 N.E. 2d 249, 253. For this reason, the board's decision herein was entitled to more deference than it received from the court of common pleas.

In conclusion, I would find that the board's decision was supported by the preponderance of the evidence and that the appellant's contract was legitimately terminated. As this court has previously stated, it is "essential to the future of an educated citizenship that well trained, upright and efficient teachers be secure in their positions, *but that inefficiency and unfitness be, so far as is possible, eliminated from the schools."* (Emphasis added.) *Powell* v. *Young* (1947), 148 Ohio St. 342, 359, 35 O.O. 322, 329, 74 N. E. 2d 261, 269.

Accordingly, I dissent.