ALDRIDGE, APPELLANT, *v.* HUNTINGTON LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as Aldridge *v.* Huntington Local School Dist. Bd. of Edn. (1988), 38 Ohio St. 3d 154.]

(No. 87-898—Submitted May 31, 1988—Decided August 10, 1988.)

156

*Cloppert, Portman, Sauter, Latanick & Foley, Mark A. Foley, Frederick G. Cloppert, Jr.,* and *Russell E. Carnahan,* for appellant.

*Whalen & Compton Co., L.P.A., Dennis M. Whalen* and *R. Brent Minney,* for appellee.

H. BROWN, J. In Ohio, a teacher's contract can be terminated under R.C. 3319.16 "for gross inefficiency or immorality; for willful and persistent violations of reasonable regulations of the board of education; or for other good and just cause."

Before terminating a teacher's contract, the board must furnish the teacher with a written notice which includes specification of the grounds for termination. Within ten days of receipt of such notice, the teacher may demand a hearing before the board or before a referee. After the hearing, the referee files a report. The board, by majority vote, may accept or reject the referee's recommendation. If the teacher's contract is terminated, the teacher may appeal to the court of common pleas in the county where the school is located. R.C. 3319.16.

I

The issue certified to us requires a delineation of the respective responsibilities of the referee and the board in the statutory termination process.

The decision below permits a school board to reject a referee's findings of fact and the recommendations made upon these facts, without explanation. It is certified to us as conflicting with a decision by a court of the

First Appellate District (*Charles* v. *Bd. of Edn.*, *supra*) and a decision by a court of the Seventh Appellate District (*Kinser* v. *West Branch Local School Dist. Bd. of Edn.*, *supra*).

In *Charles, supra,* the court stated: "* * * [I]t is implicit that if the hearing is before a Board it is the fact finder; if the hearing is before a referee, he is the fact finder. In both cases the Board makes the final conclusion of law, but where there has been a hearing before a referee that conclusion is based upon the facts as the referee has found them, not upon the transcript of the hearing. To hold that the Board must review the transcript before making its decision would offend the statute's plainly perceivable scheme." *Id.* at 4.

In *Kinser, supra,* the court stated: "We hold that when a referee appointed by a board of education pursuant to R.C. 3319.161 hears all the evidence on the termination of the contract of a teacher pursuant to R.C. 3319.16, the referee is a better judge of the credibility of the witnesses testifying before him than the members of the board of education and that the members of a board of education have no greater ability in determining the credibility of witnesses or appraising the truth of such testimony than a reviewing judge.

"Unless a finding of fact by such referee is manifestly against the weight of the evidence, the board of education must sustain such finding of fact." *Id.* at 17.

Recently this court considered termination issues in *Graziano* v. *Amherst Exempted Village Bd. of Edn.* (1987), 32 Ohio St. 3d 289, 513 N.E. 2d 282. In *Graziano* we said that the "report *and recommendation* undertaken by the referee pursuant to R.C. 3319.16 must be considered and weighed by the board of education.

[Emphasis added.] * * * [D]ue deference must be accorded to the findings and recommendations of the referee * * * who is best able to observe the demeanor of the witnesses and weigh their credibility." *Id.* at 293, 513 N.E. 2d at 285. *Graziano* noted that the board is not bound by the recommendations rendered by the referee, but that the board "should, in the spirit of due process, articulate its reasons therefor" if it rejects the recommendations. *Id.*

With these decisions in mind, we turn to the present case.

## II

The decision to terminate a teacher's contract is comprised of two parts: (1) the factual basis for the allegations giving rise to the termination; and (2) the judgment as to whether the facts, as found, constitute gross inefficiency, immorality, or good cause as defined by statute. The distinction between these two is important in understanding the respective roles of the school board and of the statutory referee in the termination process.

The General Assembly interposed a referee into teacher contract termination disputes by legislative enactment in 1971 (134 Ohio Laws, Part II, 1527 *et seq.*). The statute indicates a legislative intent to inject a neutral party into termination disputes. This intent is thwarted if the findings by a referee can be rejected without explanation by a school board which conducts no hearing and which does not see or hear any of the witnesses. On the other hand, the ultimate responsibility for the school system lies with the school board and we detect no legislative intent to change that responsibility.

The tension between the two (achieving some objectivity and pre-

serving board authority) can be resolved by an analysis of the functions of the referee and the board. A referee's report consists of both fact-findings and a recommendation. The referee's primary duty is to ascertain facts. The board's primary duty is to interpret the significance of the facts.

Though the referee has the primary responsibility for findings of fact, the school board does have the right and the responsibility to review those findings. The standard for that review has not been established by this court. To do that, we shall consider a spectrum of possible standards. The spectrum starts with a standard permitting the board to reject the reference if there is *some evidence* in support of the board's determination. This appears to be the standard applied by the courts below in the present case. Next on the scale would be a requirement that *substantial probative evidence* exists in support of a board's rejection of a referee's fact findings. The next progression would allow a board to reject the referee's fact findings only if the rejection is supported by the *greater weight of the evidence*. Finally, a board's right to reject could be limited to situations where the referee's findings are *against the manifest weight of the evidence*. This is the standard adopted by the Seventh Appellate District in *Kinser, supra*. In adopting one of these standards we again stress the need for some objectivity and the need to recognize school board authority in teacher contract termination disputes. Having done so we believe that the proper balance is struck by a standard which requires a school board to accept a referee's findings of fact unless such findings are against the greater weight, or preponderance, of the evidence. Further, in weighing the evidence, the board must give deference to the fact that it is the referee who sees and hears the witnesses.

Accordingly, we hold that in teacher contract termination disputes arising under R.C. 3319.16: (1) the referee's findings of fact must be accepted unless such findings are against the greater weight, or preponderance, of the evidence; (2) a school board has the discretion to accept or reject the recommendation of the referee unless such acceptance or rejection is contrary to law.

It is the responsibility of the board to indicate whether it rejected a referee's findings as being against the preponderance of the evidence or accepted the referee's factual determination but rejected the referee's recommendation based upon a different interpretation of the significance of those facts. As we said in *Graziano, supra*, the board "should, in the spirit of due process, articulate its reasons" for rejecting a referee's recommendation.

### III

In the case before us, the question is primarily one of whether the facts established the grounds for dismissal; and not whether the board properly rejected the recommendation of the referee.

The referee is the only one who saw and heard the witnesses. The referee found that the reasons given for the teacher's dismissal were not established. Without a proper factual basis, unsubstantiated allegations do not constitute grounds for dismissal. Since the board failed to give an explanation of why it rejected the referee's findings, we cannot know whether the board accepted the referee's factual determinations. As Judge Grey pointed out in his dissent below: "On each of these charges, the referee found in favor of the teacher. That being the case, on what grounds was the teacher, Wilbur Aldridge, terminated? Either the board decided to

terminate on whim or caprice or on matters not presented at the hearing, or the board found that the decision of the referee was arbitrary, capricious or against the weight of the evidence."

It is possible, even probable, that the board improperly refused to accept the findings of the referee on factual questions. If so, a decision by the board to terminate Aldridge's contract cannot be sustained.

Accordingly, the decision by the court of appeals is reversed and the cause is remanded to the board of education for further action consistent with our opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur separately.

DOUGLAS, J., concurring. I concur in the well-reasoned opinion of Justice Brown. I write separately to express my concern in two areas.

First, I am concerned that the standard we set today may, in the minds of some, be confusing when considered or compared with the other standards enunciated. I fear that the standard set forth will be used to make unfair subjective decisions in determining what "weight" category to use in reviewing specific evidence. It should be emphasized that the standard set is the one which must be used by a *school board* in evaluating a referee's findings of fact.

Of greater import is my second concern. It appears that we have forgotten the wording given to us by the General Assembly in R.C. 3319.16 in relation to the facts and complete record of the case before us. In pertinent part, R.C. 3319.16 states: "[t]he contract of a teacher *may not be terminated* except for gross inefficiency or immorality; for willful and persistent violations of reasonable regulations of the board of education; or for other good and just cause. * * *" (Emphasis added.)

The only "evidence" in this case is that which was presented to the referee. With reference to that evidence, the referee made the findings of fact as set forth in fn. 2 of the majority opinion. It would take more than just a stretching of the imagination to conclude that the evidence of record could be equated to gross inefficiency, immorality, willful and persistent violations of reasonable regulations or "other good or just cause" which, in my judgment, must be some form of gross inefficiency or immorality.

Accordingly, considering the strictures of the statute and the record before us, the better procedure would be to enter final judgment for the appellant.

SWEENEY, J., concurs in the foregoing opinion.