[Cite as *Freshwater v. Mt. Vernon City School Dist. Bd. of Edn.*, 2012-Ohio-889.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JOHN FRESHWATER | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-000023 |
| MOUNT VERNON CITY SCHOOL | : |  |
| DISTRICT BOARD OF EDUCATION | : |  |
|  | : | O P I N I O N |
| Defendant-Appellee | : |  |

CHARACTER OF PROCEEDING:      Civil appeal from the Knox County Court of
                             Common Pleas, Case No. 11AP02-0090

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 5, 2012

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

R. KELLY HAMILTON                    DAVID KANE SMITH
Box 824                              KRISTA KEIM
Grove City, OH 43123                 PAUL J. DEEGAN
                                     3 Summit Park Drive Ste. 400
                                     Cleveland, OH  44131

RITA DUNAWAY
The Rutherford Institute
Box 7482
Charlottesville, VA

*Gwin, P.J.*

**{¶ 1}** This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶ 2}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655(10th Dist. 1983). This appeal shall be considered in accordance with the aforementioned rule.

**{¶ 3}** This case arises out of the Mount Vernon City School District Board of Education ("Board of Education"), decision to terminate appellant John Freshwater's ("Freshwater") employment pursuant to the R.C. 3319.16 after he failed to adhere to the established curriculum under the Academic Content Standards for eighth grade as adopted by the Board of Education by teaching creationism and intelligent design in his eighth grade science classes.

**{¶ 4}** Freshwater was hired by the Board of Education in 1987 and was employed by them as an eighth grade science teacher until the incidents pertaining to this lawsuit occurred. For 16 of the 20 years that Freshwater taught, he was the faculty appointed facilitator, monitor, and supervisor of the eighth grade group called the Fellowship of Christian Athletes. For his entire teaching career, Freshwater kept a Bible on his desk. Several other teachers employed by the Board of Education also kept Bibles on their desks. Freshwater has been engaged as a private citizen in promoting certain religious activities and liberties in the Mount Vernon, Ohio community.

**{¶ 5}** Throughout Freshwater's employment, he was given performance evaluations on at least twenty occasions, each of which was positive. Freshwater had never been disciplined before the events relevant to the instant action.

**{¶ 6}** In January 2008, the parents of one of Freshwater's students complained to the president of the Board of Education, Defendant Ian Watson, about an incident in which Freshwater used a device called a Tesla Coil to make a mark that lasted a week and one-half to two weeks on the student's arm. Defendants characterize the mark as the religious symbol of a Christian cross. Freshwater claims that, although he had used a Tesla Coil before, he did not expect it to leave a mark on the student nor did he believe that was even a possibility.

**{¶ 7}** Because of this complaint, the Board of Education retained counsel and requested an investigation of the charges made against Freshwater. The contract between the Board of Education and the Mount Vernon Education Association provided the authority for such an investigation. A report on the investigation was provided to the Board of Education. The report indicated that it had interviewed Weston and that "Dr.

Weston stated that she has had to deal with internal and external complaints about his (Plaintiff Freshwater) failure to follow the curriculum for much of her 11 years at Mount Vernon." *Id.* at ¶ 114.

{¶ 8} An administrative hearing regarding the charges brought against Freshwater was conducted. "Short, Weston and White testified in the hearing they had personal knowledge of or a perceived belief concerning Plaintiff Freshwater's personal religious activities as a result of actions taken by Freshwater during Freshwater's time outside of school duties." *Id.* at ¶ 113. At the hearing, Weston testified that the statement in the report that she had received internal and external complaints for much of her eleven years of employment with the Board of Education was "inaccurate." *Id.* at ¶ 115.

{¶ 9} On June 20, 2008, the Board of Education passed by vote a resolution titled *"Intent to Consider the Termination of the Teaching Contract of John Freshwater"* ("Resolution"), which stated that Freshwater "consistently failed to adhere to the established curriculum under the American Content Standards for eighth grade as adopted by ... the Mount Vernon City School Board." *Id.* 4 ¶¶ 23, 24. On July 7, 2008, the Board of Education amended the resolution to correctly identify the curriculum standards as the "Academic Content Standards." *Id.* ¶ 25. The resolution stated that Freshwater taught creationism and intelligent design in his eighth grade science classes, which is not allowed by the Academic Content Standards.

{¶ 10} Freshwater contends that he was the target of intentional religious discrimination and harassment, being treated differently than his similarly situated coworkers, and that he was deprived of his constitutional rights to free speech and

association, equal protection, and due process. See, *Freshwater, et al. v. Mt. Vernon School District, et al.,* S.D.Ohio No. 2:09-CV-464, 2009 WL 4730597 (Dec 8, 2009); *Doe v. Mt. Vernon School District, et al.,* S.D.Ohio No. 2:08-CV-575, 2010 WL 1433301(Apr 6, 2010).

{¶ 11} Freshwater requested a hearing pursuant to R.C. 3319.16. A public hearing was held before a referee. The referee presided over 38 days of witness testimony from over 80 witnesses that generated over 6,000 pages of transcript. The referee also admitted approximately 350 exhibits into evidence. The hearing process took nearly two years to complete. The referee issued his report on January 7, 2011, recommending the Board terminate Freshwater's employment contract(s) for good and just cause.

{¶ 12} On January 10, 2011, the Board adopted the referee's report and resolved to terminate Freshwater's employment for two main reasons. First, Freshwater injected his personal religious beliefs into his plan and pattern of instructing his students that also included a religious display in his classroom, and second, insubordination.

{¶ 13} On February 8, 2011, Freshwater appealed the Board's decision to the Knox County Court of Common Pleas pursuant to R.C. 3319.16. On October 5, 2011, the trial court entered a Journal Entry affirming the Board's decision to terminate Freshwater, finding in the record "clear and convincing evidence" of good and just cause. The Court further found Freshwater's request for it to conduct additional hearings not well taken, based on the depth and breadth of witnesses and exhibits presented at the referee's hearing.

{¶ 14} This case is before this Court on appeal from the October 5, 2011 decision of the Knox County Court of Common Pleas that affirmed the appellee's January 10, 2011 resolution to terminate appellant's employment. Freshwater raises one assignment of error,

{¶ 15} "I. THE COURT BELOW ABUSED ITS DISCRETION IN FINDING THAT THERE WAS CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE BOARD OF EDUCATION'S TERMINATION OF FRESHWATER'S EMPLOYMENT CONTRACT(S) FOR GOOD AND JUST CAUSE, IN AFFIRMING THE BOARD'S TERMINATION OF FRESHWATER'S EMPLOYMENT CONTRACT(S), AND IN ORDERING FRESHWATER TO PAY THE COSTS OF THE APPEAL."

I.

{¶ 16} R.C. 3319.16 provides that a tenured teacher can be terminated "for gross inefficiency or immorality; for willful and persistent violations of reasonable regulations of the board of education; or for other good and just cause." These constitute three separate, independent bases, each of which is sufficient to terminate a tenured teacher. *Hale v. Lancaster Bd. of Edn.*, 13 Ohio St. 2d 92, 234 N.E. 2d 583(1968).

{¶ 17} The process to be employed in such a matter, after the decision to discharge is made, begins with a referee. He is required to hold an evidentiary hearing from which he presents his report to the school board. The board may then elect to accept or reject his recommendation.

The decision to terminate a teacher's contract is comprised of two parts: (1) the factual basis for the allegations giving rise to the termination; and (2) the judgment as to whether the facts, as found, constitute gross

inefficiency, immorality, or good cause as defined by statute. The distinction between these two is important in understanding the respective roles of the school board and of the statutory referee in the termination process. * * * The referee's primary duty is to ascertain facts. The board's primary duty is to interpret the significance of the facts.

*Aldridge v. Huntington School Dist.*, 38 Ohio St.3d 154, 157-158, 527 N.E.2d 291, 294(1988).

**{¶ 18}** The *Aldridge* court, therefore, held in the syllabus:

In teacher contract termination disputes arising under R.C. 3319.16:

1. The referee's findings of fact must be accepted unless such findings are against the greater weight, or preponderance, of the evidence;

2. A school board has the discretion to accept or reject the recommendation of the referee unless such acceptance or rejection is contrary to law.

**{¶ 19}** From there, the decision of the school board may be appealed to the court of common pleas. The court then engages in a hybrid exercise, encompassing "characteristics both of an original action with evidence presented and a review of an administrative agency's decision based upon a submitted record." *Douglas v. Cincinnati Bd. of Edn.*, 80 Ohio App.3d 173, 177, 608 N.E.2d 1128, 1131(1st Dist.1992). Based upon this review, "[t]he Common Pleas Court may reverse an order of termination of a teacher's contract, made by a Board of Education, where it finds that such order is not

supported by or is against the weight of the evidence. (Section 3319. 16, Revised Code, construed and applied.)" *Hale,* 13 Ohio St. 2d 92, 234 N.E. 2d 583, paragraph one of the syllabus.

{¶ 20} The Supreme Court of Ohio has delineated the standard of review and the role of a court of appeals:

If the judgment of the court of common pleas is then appealed to the court of appeals, review in the appellate court is strictly limited to a determination of whether the common pleas court abused its discretion. This scope of review is, of course, extremely narrow. The term 'abuse of discretion' has been defined as implying "'not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" (Citations omitted.)

*Graziano v. Amherst Exempted Village Bd. of Edn.*, 32 Ohio St.3d 289, 295, 513 N.E.2d 282(1987). (Douglas, J., concurring).

{¶ 21} Thus, unless this court determines that the trial court abused its discretion, we are compelled to affirm its decision as "the court of appeals may not engage in what amounts to a substitution of judgment of the trial court in an R.C. 3319.16 proceeding." *Id.* at 294, 513 N.E.2d at 286.

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

*AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601(1990).

**{¶ 22}** In the matter *sub judice,* we do not perceive an "unreasonable, arbitrary or unconscionable attitude," nor one that is "not merely error of judgment, but [one of] perversity of will, passion, prejudice, partiality, or moral delinquency." To the contrary, the referee's memorandum provides a well-reasoned and articulated basis for affirming the decision of the Board and for the trial court to accept the recommendation of the referee.

**{¶ 23}** In *Graziano* the Supreme Court said that the "report *and recommendation* undertaken by the referee pursuant to R.C. 3319.16 must be considered and weighed by the board of education. [Emphasis added.] * * * [D]ue deference must be accorded to the findings and recommendations of the referee * * * who is best able to observe the demeanor of the witnesses and weigh their credibility." 32 Ohio St.3d at 293, 513 N.E.2d at 285. *Graziano* noted that the board is not bound by the recommendations rendered by the referee, but that the board "should, in the spirit of due process, articulate its reasons therefore" if it rejects the recommendations. *Id*.; *Aldridge v. Huntington School Dist.*, 38 Ohio St.3d at 157, 527 N.E.2d 291.

**{¶ 24}** In the case at bar, this court rejects appellant's contentions as to issues involving the sufficiency of the evidence and the credibility of certain witnesses. There was sufficient evidence to support both the referee and appellee's findings, and we do not determine issues involving credibility.

**{¶ 25}** Next, we find it is within the trial court's discretion to determine whether additional hearings should be conducted. Although the common pleas court's review of a board's decision is not *de novo*, R.C. 3319.16 does empower the court to weigh the evidence, hold additional hearings if necessary, and render factual determinations. *Graziano,* 32 Ohio St.3d at 293, 513 N.E.2d at 285. However, nothing in the statute absolutely requires the reviewing court to do so. See R.C. 3319.16 (stating that the court "shall hold such additional hearings *as it considers advisable,* at which it *may* consider other evidence in addition to the transcript and record.") (Emphasis added.) If there exists "substantial and credible evidence" in support of the charges of the Board, and "a fair administrative hearing is had, the [common pleas court] cannot substitute its judgment for the judgment of the administrative authorities." *Bertolini v. Whitehall City Sch. Dist. Bd. of Edn.*, 139 Ohio App.3d 595, 604, 744 N.E.2d 1245(10th Dist. 2000), quoting *Strohm v. Reynoldsburg City School Dist. Bd. of Edn.*, 10th Dist. No. 97APE07-972, 1998 WL 151082 (Mar. 31, 1998). *Accord Elsass v. St. Mary's City School Dist. Bd. Of Edn.*, 3d Dist. No. 2-10-30, 2011-Ohio-1870, ¶ 43.

**{¶ 26}** Appellant's main contention in the case sub judice is that the conduct found did not rise to the level of good and just cause sufficient to terminate his contract. [Appellant's Brief at 7].

**{¶ 27}** The Supreme Court has defined "good and just cause" as a "fairly serious matter." *Hale* at 98–99, 234 N.E.2d 583. The referee in the case at bar found appellant's conduct to constitute a "fairly serious matter,"

> Without question, the repeated violation of the Constitution of the United States is a "fairly serious matter" and is therefore, a valid basis for termination of John Freshwaters contract(s). Further, he repeatedly acted in defiance of direct instructions and orders of the administrators - his superiors. These defiant acts are also a "fairly serious matter" and, therefore, a valid basis for termination of John Freshwater's contract.

Referee's Report at 13.

**{¶ 28}** The referee did not use the Tesla Coil incident as a reason to terminate appellant's contract. The referee found that incident had been dealt with by the administration and that case was closed.

**{¶ 29}** The referee further found that "the multiple incidents which gave rise to the numerous and various bases/grounds more than suffice in support of termination." Referee's Report at 12. The referee found that appellant had repeatedly violated the U.S. Constitution; acted in defiance of direct instructions and orders of his superiors, and refused and/or failed to employ objectivity in his instruction of a variety of science subjects. Id.

**{¶ 30}** The common pleas court found that appellee's order was not against the manifest weight of the evidence and that appellant's conduct constituted good and just cause to terminate appellant. Therefore, it affirmed appellant's termination.

**{¶ 31}** A review of the record shows that a hearing spanning nearly two years was conducted, testimony from over 80 witnesses was received, a transcript of over 6,000 pages was produced, and approximately 350 exhibits were admitted into evidence.

**{¶ 32}** During the proceedings appellant was represented by a competent attorney, he was permitted to fully explain his actions, he presented witnesses on his behalf, and he had a full opportunity to challenge the Board's key witnesses. R.C. 3319.16 does not contain any requirement that a teacher be afforded an opportunity to refute the contents of a referee's report in the period between the filing of the report and its acceptance or rejection by the board of education, nor does it provide for an additional hearing before the board if the teacher does not like the results of the hearing before the referee. *Elsass v. St. Mary's City School Dist. Bd. Of Edn.*, 2011-Ohio-1870, ¶ 60.

**{¶ 33}** Appellant has failed to demonstrate any due process violation. The trial court did not abuse its discretion by overruled his request to conduct additional hearings.

**{¶ 34}** We further find that appellee's determination as to the significance of appellant's conduct—that such constituted a fairly serious matter—is explicable and reasonable. Further, the common pleas court's affirmance of that determination was not an abuse of discretion and, therefore, will not be disturbed by this court.

**{¶ 35}** In *Oleske v. Hilliard City School Dist. Bd. Of Edn.*, the Court observed,

It is not within the province of this court to second-guess appellee's

determination of the significance of appellant's conduct. We do not sit as a

> super-school board. Given the circumstances presented herein, we simply cannot find an abuse of discretion on the part of the common pleas court in affirming appellee's order. To do so would simply be to substitute our judgment for that of the common pleas court and/or appellee, and this is not our role.

146 Ohio App.3d 57, 65, 764 N.E.2d 1110 (10th Dist. 2001).

{¶ 36} Accordingly, appellant's sole Assignment of Error is overruled in its entirety.

{¶ 37} The judgment of the Court of Common Pleas, Knox County, Ohio is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

[Cite as *Freshwater v. Mt. Vernon City School Dist. Bd. of Edn.*, 2012-Ohio-889.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN FRESHWATER | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MOUNT VERNON CITY SCHOOL | : | |
| DISTRICT BOARD OF EDUCATION | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2011-CA-000023 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Knox County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER