# CASE ANNOUNCEMENTS

*January 22, 2014*

[Cite as *01/22/2014 Case Announcements #2*, 2014-Ohio-179.]

# RECONSIDERATION OF PRIOR DECISIONS

**2012–0613.  Freshwater v. Mt. Vernon City School Dist. Bd. of Edn.**
Knox App. No. 2011–CA–000023, 2012-Ohio-889. On motion for reconsideration. Motion denied.
   PFEIFER, O'DONNELL, and KENNEDY, JJ., dissent.

O'DONNELL, J., dissenting.

{¶ 1} I would vote to grant reconsideration in this case and encourage the majority to do so.

{¶ 2} This appeal involves the free exercise of religion clause and the academic freedom rights of a science teacher, which intersect with the majority's resolution of the case as one of termination of a teaching contract for good and just cause, bypassing these important constitutional issues and ignoring the defenses interposed by John Freshwater, because the Mount Vernon City School District Board of Education failed to prove insubordination.

{¶ 3} The evidence does prove that John Freshwater at the direction of the school principal removed several copies of the Ten Commandments from the walls in his classroom, at least ten inspirational posters containing Bible verses, various religious DVDs and videos, and boxes of Bibles used by the Fellowship of Christian Athletes, a school-sanctioned organization that he monitored and allowed to meet in his classroom. The only remaining poster—one depicting President George W. Bush and his cabinet containing the caption "The effectual fervent prayer of a righteous man availeth much," James 5:16—had been distributed to Freshwater and others by the school administration. The other teachers and colleagues displayed that same poster in their classrooms and offices, but never received a directive to remove it from display. It is telling that the only other basis for terminating Freshwater is the fact that he withdrew two books from the school library and kept then in his classroom—not for teaching purposes or for use in connection with the science curriculum, but rather for his own personal inspiration. This is not insubordinate conduct, nor does it establish good and just cause as required by R.C. 3319.16.

{¶ 4} Notably, six members of this court have upheld Freshwater's constitutional right to have his Bible in his classroom. Yet this conduct and Freshwater's decision to withdraw two books from the school library for his own personal inspiration and his failure to remove the presidential poster from his classroom formed the basis of his termination by the school board. This evidence is manifestly insufficient to establish insubordination or to form a basis to conclude that good and just cause exists to discharge a veteran science teacher who has served the school district with distinction for more than 20 years. This case now stands as a basis for school boards to violate the constitutional rights of veteran teachers and to terminate them for insignificant reasons. I encourage reconsideration and further review of these important issues.

PFEIFER and KENNEDY, JJ., concur in the foregoing opinion.