[Cite as *Smith v. Columbus City Schools Bd. of Edn.*, 2017-Ohio-2870.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Pamela J. Smith, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-528 |
| v. | : | (C.P.C. No. 16CVF03-2195) |
| Columbus City Schools Board of Education, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on May 18, 2017

**On brief:** *Cloppert, Latanick, Sauter & Washburn, William J. Steele* and *Lora A. Molnar*, for appellant. **Argued:** *William J. Steele.*

**On brief:** *Wanda T. Lillis*, for appellee. **Argued:** *Wanda T. Lillis.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Pamela J. Smith, appeals a decision of the Franklin County Court of Common Pleas that affirmed a resolution of the appellee, Columbus City Schools Board of Education, terminating Smith's employment as a teacher. For the following reasons, we affirm that decision.

I. **Factual and Procedural Background**

{¶ 2} Since 2000, Smith worked as an elementary school teacher at a variety of different schools in the Columbus City School district. In 2015, she was teaching at

Fairmoor Elementary School.  On April 23, 2015, she was in the school's office area when she overheard a commotion in the lobby near the school's front doors.  Two second grade students, referred to herein as Student A and Student B, were yelling at each other. Karlynn Hornsburger, a kindergarten assistant who was working in the school's office at the time, heard the disturbance and went to address it.  Michelle Kulewicz, a general instructional assistant who was also nearby, also heard the commotion and saw Hornsburger attempting to settle the students down.  As the disturbance continued, Kulewicz joined Hornburger in an attempt to de-escalate the situation.  Kulewicz and Hornsburger took positions back to back, each facing one student to separate them from one another as Hornsburger attempted to move Student B into another area of the lobby past a set of doors.  Hornsburger testified that they knew exactly what they were doing. During this time, neither Kulewicz nor Hornsburger were concerned that either of the second grade students posed a serious physical threat to them.  Kulewicz testified that she knew by attempting to de-escalate the situation she could get hit by Student A but, even if that occurred, it would not really hurt her.  Neither Kulewicz nor Hornsburger called for any assistance to deal with the two students.

{¶ 3}  Upon hearing the disturbance, Smith also entered the lobby.  As Kulewicz was attempting to settle down Student A, he was swinging his arms at her.  Kulewicz tried to keep her hands down to block Student A from swinging.  As he swung, Student A came close but did not hit Kulewicz.  Smith, however, thought she saw Student A hit Kulewicz. Smith approached Student A yelling "[y]ou don't hit a teacher."  (Tr. Vol I at 11.)  At this point, the versions of events differ.

{¶ 4}  Kulewicz and Hornburger described how Smith then picked up Student A by his shirt, lifting him up into the air and against the wall.  The student began to hit and swing at Smith.  She then pushed him down to the ground, where she knelt over him with her knee on the student's chest.  Smith denied touching the student.  Immediately following the disturbance, Student A left the building.  Kulewicz and Hornsburger called Linda Willis, the school's principal, to the lobby.  Willis followed Student A out the door, trying to get the student to stop.  With assistance from the Columbus Police Department, Willis was able to bring the student back to the school.

{¶ 5}   As a result of this incident, a disciplinary hearing was held.  Following that hearing, appellee adopted a resolution reflecting its intent to terminate Smith's employment contract for good and just cause.  The resolution cited three grounds for the termination: (1) her interaction with Student A; (2) her conduct upon learning that she was being assigned to another work location pending the investigation into the Student A incident;[1] and (3) previous disciplinary actions against her.[2]  Smith requested a hearing in front of a referee.  At that hearing, the witnesses testified to the above versions of events.  The referee submitted a report and recommendation in which she found that Smith's conduct was good and just cause for her termination and recommended the termination of Smith's employment.  Specifically, the referee noted that "[i]n the current situation, she stepped into a situation that was being handled and exacerbated the situation and Student A's behaviors.  Instead of being a force of calm and control, she showed the same type of impulsive behavior that the students were exhibiting.  She affirmed through her actions that violence was the way to get someone to be under your control."  (Feb. 2, 2016 Report and Recommendation at 6.)

{¶ 6}   Appellee accepted, approved, and adopted the referee's findings of facts, conclusions of law, and recommendation and, accordingly, terminated Smith's employment.  Smith appealed her termination to the trial court pursuant to R.C. 3319.16.  The trial court affirmed her termination, noting that the evidence accepted by the referee established that "prior to the Appellant's intervention, the situation was under the control of two other staff members.  It was the Appellant's unilateral decision to insert herself into the situation that reignited the conflict.  When the Appellant did insert herself into the situation, the evidence showed that the other staff members felt that they had things under control and that Ms. Kulewicz did not even feel threatened by Student A.  The evidence established that Appellant's intervention [led] to more flagrant acts from Student A leading to the Appellant's confrontation with Student A."  (June 22, 2016 Decision & Entry at 6.)

---

[1] Appellee dismissed this allegation at the hearing.

[2] The previous disciplinary actions against her included written reprimands in 2007, 2012, and 2013 as well as two lesser interventions entitled letters of directions in 2006 and 2012.

## II. Smith's Appeal

{¶ 7}   Smith appeals the trial court's decision and assigns the following errors:

[1.] The lower court erred in its decision to terminate appellant's teaching contract by failing to give proper weight to key evidence.

[2.] The lower court erred in its decision to terminate appellant's teaching contract when Ohio law and board policy justify appellant's actions.

### A.  Standard of Review

{¶ 8}   The standard of review in teacher contract termination cases has been clearly set forth by the Supreme Court of Ohio. The decision to terminate a contract is comprised of two parts: (1) the factual basis for the allegations giving rise to the termination; and (2) the judgment as to whether the facts, as found, constitute gross inefficiency, immorality, or good cause as defined by statute. *Aldridge v. Huntington Local School Dist. Bd. of Edn.*, 38 Ohio St.3d 154, 157 (1988).  As to the differing roles of the referee and the board of education, the Supreme Court has stated that the referee's primary duty is to ascertain the facts. *Id.* at 158.  The referee's findings of fact must be accepted by the board unless such findings are against the greater weight or preponderance of the evidence. *Id.* at syllabus.  However, the ultimate responsibility for the school system lies with the board. *Id.* at 157.  The board's primary duty is to interpret the significance of the facts, and the board  has the right and responsibility to review the referee's findings. *Id.* at 158.  In weighing the evidence, the board must give deference to the fact that the referee sees and hears the witnesses. *Id.*  It is the board's responsibility to indicate whether it rejected a referee's findings as being against the preponderance of the evidence or accepted the referee's factual determination but rejected the referee's recommendation based upon a different interpretation of the significance of those facts. As to the referee's recommendation, the board has the discretion to accept or reject the recommendation unless the acceptance or rejection is contrary to law. *Id.* at syllabus. The board should articulate its reasons for rejecting the referee's recommendation. *Id.* at 157; *Oleske v. Hilliard City School Dist. Bd. of Edn.*, 146 Ohio App.3d 57 (10th Dist.2001)

{¶ 9}   A teacher whose contract has been terminated may appeal the board's decision to the local court of common pleas by filing a complaint against the board, alleging the facts "upon which the teacher relies for a reversal or modification of such order of termination of contract."   R.C. 3319.16; *Badertscher v. Liberty-Benton School Dist. Bd. of Edn.*, 3d Dist. No. 5-14-27, 2015-Ohio-1422, ¶ 34.   Although the common pleas court's review of a board's decision is not de novo, R.C. 3319.16 empowers the court to weigh the evidence, hold additional hearings, if necessary, and to render factual determinations.   *Katz v. Maple Heights City School Dist. Bd. of Edn.*, 87 Ohio App.3d 256, 260 (8th Dist.1993); *Oleske* at 62.  A common pleas court may reverse a board's decision to terminate "only where it finds that the order is not supported by or is against the weight of the evidence."   *Kitchen v. Bd. of Edn. of Fairfield City School Dist.*, 12th Dist. No. CA2006-09-234, 2007-Ohio-2846, ¶ 17, citing *Katz* at 260.   Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.   *Elsass v. St. Marys City School Dist. Bd. of Edn.*, 3d Dist. No. 2-10-30, 2011-Ohio-1870, ¶ 49, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280 (1978).

{¶ 10} If a party to an R.C. 3319.16 proceeding appeals to an appellate court, appellate review of the trial court's decision is " 'extremely narrow' " and " 'strictly limited to a determination of whether the common pleas court abused its discretion.' " *Badertscher* at ¶ 36, citing *James v. Trumbull Cty. Bd. of Edn.*, 105 Ohio App.3d 392, 396 (11th Dist.1995).   Absent an abuse of discretion on the part of the trial court, the court of appeals may not engage in what amounts to a substitution of judgment of the trial court. *Freshwater v. Mt. Vernon City School Dist. Bd. of Edn.*, 137 Ohio St.3d 469, 2013-Ohio-5000, ¶ 77; *Graziano v. Amherst Exempted Village Bd. of Edn.*, 32 Ohio St.3d 289, 294 (1987).   In this context, the Supreme Court of Ohio has defined the term abuse of discretion as implying " 'not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *Id.* (Douglas, J., concurring), quoting *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 590-91 (1953).

{¶ 11} Because Smith's assignments of error both address the same issues, we address them together.

**B. Smith's Assignments of Error—Justification for her Intervention**

{¶ 12} In her first assignment of error, Smith argues that the trial court failed to give proper weight to her belief that Kulewicz was being attacked by the student and, therefore, Smith needed to intervene in order to help Kulewicz. Similarly, she argues in her second assignment of error that the trial court erred by not applying R.C. 3319.41(C) because her use of force to quell a disturbance that threatened physical injury to Kulewicz was reasonable and necessary. We find Smith's arguments unpersuasive.

{¶ 13} The referee and the trial court concluded that Smith's intervention was unnecessary because the situation was under control and was being appropriately handled by Kulewicz and Hornsburger. Both the referee and the trial court placed blame on Smith for her impulsive and unilateral decision to insert herself in a situation that was being properly handled by two other instructional assistants. We see no basis to conclude that the trial court abused its discretion.

{¶ 14} Smith argues that the trial court did not properly weigh her testimony that she intervened because she thought Student A hit Kulewicz.[3] However, the appellee and the trial court considered Smith's testimony and concluded that her intervention was unjustified. The commotion was between two second-grade students. Neither Kulewicz nor Hornsburger were worried for their safety during the commotion and neither called for assistance. Hornsburger testified that they "knew exactly what we were doing." (Tr. at 75.) They had positioned themselves between the students to separate them and to move one of them through a set of doors and into another area. (Tr. at 29, 75.) Before Smith's intervention, Hornsburger thought the situation had been handled. (Tr. at 75.) Smith's rash intervention only inflamed the situation and caused Student A's behavior to escalate. We cannot say that the trial court abused its discretion when it concluded that the appellee's decision to terminate Smith was not against the weight of the evidence.

{¶ 15} Similarly, the trial court properly concluded that R.C. 3319.41(C) did not apply to Smith's conduct. That statute provides that:

> Persons employed or engaged as teachers * * * may, within the scope of their employment, use and apply such amount of force and restraint as is reasonable and necessary to quell a

---

[3] Kulewicz testified that although the student did not hit her, it could have appeared to Smith that he did hit her.

> disturbance threatening physical injury to others, to obtain possession of weapons or other dangerous objects upon the person or within the control of the pupil, for the purpose of self-defense, or for the protection of persons or property.

{¶ 16} The trial court did not apply this statute because, based upon the evidence presented to the referee, the disturbance caused by the two second grade students did not threaten physical injury to others. Again, even though Smith may have thought that Student A hit Kulewicz, both Kulewicz and Hornsburger testified that they were not in danger. Kulewicz testified that although she knew Student A might hit her, she knew that it would not hurt her. Hornsburger testified that they were handling the students and that she and Kulewicz knew exactly what they were doing. Neither of them called for any assistance to help them with the students. Again, the trial court did not abuse its discretion by concluding that the evidence did not show a justification for Smith's intervention. Accordingly, the trial court did not abuse its discretion by not applying R.C. 3319.41(C).

{¶ 17} For these reasons, the trial court did not err by affirming appellee's resolution. We overrule Smith's two assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

———————————