[Cite as *Watkins v. Columbus City Schools Bd. of Edn.*, 2018-Ohio-3691.]

IN THE COURT OF APPEALS OF OHIO

TENANT APPELLATE DISTRICT

| | | |
|---|---|---|
| Stanley Watkins, | : | |
| Appellant-Appellant, | : | |
| | | No. 18AP-76 |
| v. | : | (C.P.C. No. 17CV-6252) |
| Columbus City Schools Board of Education, | : | (REGULAR CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on September 13, 2018

**On brief:** *Stanley Watkins*, pro se. **Argued:** *Stanley Watkins*.

**On brief:** *Wanda T. Lillis*, for appellee. **Argued:** *Wanda T. Lillis*.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Appellant-appellant, Stanley Watkins, appeals from an appellate decision and judgment of the Franklin County Court of Common Pleas entered on January 5, 2018 affirming the resolution and order of appellee-appellee, Columbus City Schools Board of Education ("the board"), terminating Watkins' employment. The common pleas court also overruled Watkins' assignments of error and denied his prayer for relief. Because we find the common pleas court did not abuse its discretion, we affirm its decision.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The board hired Watkins on a one-year limited contract for the 2015-2016 school year. Watkins was assigned a kindergarten classroom of seven students with multiple disabilities. On April 19, 2016, the board adopted a resolution giving notice of its intent to consider terminating Watkins' employment for good and just cause in accordance

with R.C. 3319.16.  The resolution set forth with specificity the grounds for the termination. Watkins timely appealed.  A referee heard Watkins' appeal in an 11-day hearing at which 14 witnesses testified and 71 exhibits were introduced.  The referee subsequently issued a 17-page report and recommendation, including a thorough and detailed summary of the evidence that had been adduced at the hearing, findings of facts, and conclusions of law. The referee determined that Watkins' actions gave the board good and just cause to terminate his employment under R.C. 3319.16.  The board adopted the referee's report on June 20, 2017, and terminated Watkins' employment effective immediately.

{¶ 3}   Watkins appealed his termination by filing a complaint in the Franklin County Court of Common Pleas pursuant to R.C. 3319.16.  The parties thereafter filed briefs and the common pleas court without a hearing issued a six-page decision and entry affirming the board's order of termination on January 5, 2018.  The common pleas court determined that, based on its examination of the transcript and record of the hearing and the extensive nature of the hearing, no additional hearings or evidence was necessary.  The court concluded:

> In summary, the transcript, exhibits, and all the evidence constitute substantial credible evidence supporting the Board's decision to terminate [Watkins]. The decision comported with all due process requirements. The decision was also in accordance with law. To the extent the Court did not address each and every one of [Watkins'] "Assignments of Error" it was because they were either undecipherable or had no relevance to the outcome of his termination. The Court <u>did</u> carefully examine and review all the arguments, the transcript, the exhibits, and independently review the decision of the Referee. [Watkins'] conduct, sleeping among other things, teaching deficiencies, and inability to get along with or work with others constituted "good and just cause" for his termination. [Watkins'] claims for relief are **DENIED** and the Board's decision is **AFFIRMED**.

(Emphasis sic.) (Jan. 5, 2018 Decision & Entry at 6.)

{¶ 4}   Watkins now appeals the common pleas court's decision.

## II. ASSIGNMENT OF ERRORS

{¶ 5}   Watkins presents for our review twelve assignments of error:

1. The trial court abused its discretion by misapplying [*Cleveland Bd. of Edn. v.*] *Loudermill*[, 470 U.S. 532 (1985)] in Watkins case.

2. The trial court abused its discretion by misapplying the law a) not considering the breach of contract claim in Watkins common pleas appeal complaint b) not ruling that contract with Watkins was void between August 26 and October 21, 2015 1(and therefore could not be terminated) because CCS willfully abused the ORC and Federal IDEA in regard to the 2nd floor classroom.

3. The trial court abused its discretion by misapplying the law in R.C. § 3319.16 by dismissing the Appellant's Complaint and counter claims.

4. The trial court abused its discretion by failing to examine the facts on the record.

5. The trial court abused its discretion by not ruling that Watkins should be granted his request for a reasonable because of sleep apnea. Furthermore, the court was in error ruling that Watkins had no proof of Sleep apnea.

6. The trial court abused its discretion by not granting Watkins additional hearings.

7. The trial court abused its discretion by the denying that Watkins was due progressive discipline.

8. The trial court abused its discretion by not ruling that CCS retaliated against Watkins.

9. The trial court abused its discretion and committed reversible error by threatening to rule Appellant was a vexatious litigator.

10. The court abused its discretion denying the Writ of Mandamus.

11. The court abused its discretion not ruling sua sponte the appellant is entitled to a name clearing hearing.

12. The court abused its not ruling sua sponte discretion appellant's claim under Title 42 U.S.C. § 1983.

(Sic passim.)

## III.  LAW AND DISCUSSION

### A.  Standard of Review

{¶ 6}   R.C. 3319.16 provides that "[t]he contract of any teacher employed by the board of education of any city * * * school district may not be terminated except for good and just cause."  A teacher whose contract has been terminated may appeal the board's decision to the local court of common pleas by filing a complaint against the board, alleging the facts "upon which the teacher relies for a reversal or modification of such order of termination of contract."  *Id.*; *Badertscher v. Liberty-Benton School Dist. Bd. of Edn.*, 3d Dist. No. 5-14-27, 2015-Ohio-1422, ¶ 34.  Although the common pleas court's review of a board's decision is not de novo, R.C. 3319.16 empowers the court to weigh the evidence, hold additional hearings, if necessary, and to render factual determinations.  *Smith v. Columbus City School Bd. of Edn.*, 10th Dist. No. 16AP-528, 2017-Ohio-2870, ¶ 9-10, citing *Katz v. Maple Heights City School Dist. Bd. of Edn.*, 87 Ohio App.3d 256, 260 (8th Dist.1993); *Oleske v. Hilliard City School Dist. Bd. of Edn.*, 146 Ohio App.3d 57, 62 (10th Dist.2001).  A common pleas court may reverse a board's decision to terminate "only where it finds that the order is not supported by or is against the weight of the evidence."  *Kitchen v. Bd. of Edn. of Fairfield City School Dist.*, 12th Dist. No. CA2006-09-234, 2007-Ohio-2846, ¶ 17, citing *Katz* at 260. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.  *Smith* at ¶ 9, citing *Elsass v. St. Marys City School Dist. Bd. of Edn.*, 3d Dist. No. 2-10-30, 2011-Ohio-1870, ¶ 49, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280 (1978).

{¶ 7}   If a party to an R.C. 3319.16 appellate proceeding appeals a common pleas court's decision to an appellate court, appellate review of the trial court's decision is "extremely narrow" and "strictly limited to a determination of whether the common pleas court abused its discretion." *Badertscher* at ¶ 36, citing *James v. Trumbull Cty. Bd. of Edn.*, 105 Ohio App.3d 392, 396 (11th Dist.1995).  Absent an abuse of discretion on the part of the trial court, the appellate court may not engage in what amounts to a substitution of judgment of the trial court.  *Smith* at ¶ 10, citing *Freshwater v. Mt. Vernon City School Dist. Bd. of Edn.*, 137 Ohio St.3d 469, 2013-Ohio-5000, ¶ 77; *Graziano v. Amherst Exempted Village Bd. of Edn.*, 32 Ohio St.3d 289, 294 (1987).  In this context, the Supreme Court of Ohio has defined the term abuse of discretion as implying "not merely error of

judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." (Citations omitted.) *Id.* (Douglas, J., concurring).

### B. Assignments of Error

{¶ 8}   Watkins' assignments of errors are wide ranging in scope and not confined to matters raised before the common pleas court.  However, we address his numerous claimed errors by overruling all of them en masse because we find no evidence in the record that the common pleas court demonstrated "perversity of will, passion, prejudice, partiality, or moral delinquency" with respect to Watkins or to his challenge of the board's termination order.  *Id.*  On the contrary, the record before us is overwhelmingly clear that the common pleas court acted in a legally correct and proper manner while affording Watkins reasonable, fair, and compassionate treatment.

{¶ 9}   We accept, approve, and adopt the recitation of facts and legal conclusions set forth in the common pleas court's decision.

## IV.  CONCLUSION

{¶ 10} The common pleas court did not abuse its discretion on R.C. 3319.16 appellate review when it affirmed the board's resolution and order of termination of Watkins.  We overrule Watkins' 12 assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

_____