[Cite as *State ex rel. Watkins v. Columbus City Schools*, 2019-Ohio-4949.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Stanley T. Watkins, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No. 18AP-321 |
| | : | |
| Columbus City Schools, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

D E C I S I O N

Rendered on December 3, 2019

---

**On brief:** *Stanley T. Watkins*, pro se.

**On brief:** *Wanda T. Lillis*, for respondent.

---

IN MANDAMUS

LUPER SCHUSTER, J.

{¶ 1} Relator, Stanley T. Watkins, has filed an original action requesting this court issue a writ of mandamus ordering respondent, Columbus City Schools, to permit him to inspect respondent's employee relations files.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus. No objections to that decision have been filed.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and

conclusions of law.    In accordance with the magistrate's decision, we deny relator's requested writ of mandamus.

*Writ of mandamus denied.*

KLATT, P.J., and SADLER, J., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Stanley T. Watkins, | : | |
| | : | |
| Relator, | : | |
| | : | |
| v. | : | No.  18AP-321 |
| | : | |
| Columbus City Schools, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 29, 2019

*Stanley T. Watkins*, pro se.

*Wanda T. Lillis*, for respondent.

IN MANDAMUS

**{¶ 4}**   Relator, Stanley T. Watkins, seeks a writ of mandamus directing respondent, his former employer, Columbus City Schools, to permit him to inspect, as public records pursuant to R.C. 149.43, all of respondent's employee relations files in all locations without redaction.

Findings of Fact:

**{¶ 5}**   1. Relator taught in the Columbus City Schools under a one-year contract for the 2015-2016 school year.  Toward the end of that school year, respondent gave notice that it intended to terminate relator's employment.

**{¶ 6}**   2. Administrative proceedings before a referee resulted in a determination that respondent had good cause to terminate relator's employment under R.C. 3319.16.

{¶ 7} 3. Relator appealed his termination to the Franklin County Court of Common Pleas pursuant to R.C. 3319.16, and the court of common pleas upheld respondent's actions.

{¶ 8} 4. Relator filed further appeal to this court, which affirmed the court of common pleas. *Watkins v. Columbus City Schools Bd. of Edn.*, 10th Dist. No. 18AP-76, 2018-Ohio-3691. The Supreme Court of Ohio declined jurisdiction over relator's further appeal. *Watkins v. Columbus City Schools Bd. of Edn.*, 154 Ohio St.3d 1480, 2019-Ohio-173.

{¶ 9} 5. During the course of administrative proceedings addressing his termination, relator repeatedly made formal public records request to review respondent's personnel files for comparable cases of discipline or termination.

{¶ 10} 6. During the course of the back-and-forth correspondence for these requests, respondent produced some files but responded that in other respects relator's request was overbroad or sought information statutorily protected from release as a public record.

{¶ 11} 7. Dissatisfied with respondent's offer that redacted files would be produced if relator could identify the specific file sought, relator filed his seventh public records request on February 6, 2017, requesting in part as follows:

> Public Records Request 7 (February 6, 2017)
>
> <u>Please make available for inspection at your office</u>, pursuant to <u>R.C. 149.43</u>, copies of any public files, including, but not limited to, the personnel file, employee relations file, and the building file, (especially anything that may not have been included in prior request) for:
>
> **1. All Employee Relations Files for All Certificated Employees.**
>
> * * *
>
> 4. I will be visiting 270 E. State St. Tuesday February 7, 2017 at 8am. <u>Please email me by 5pm today Monday February 6, 2017 the name of the person responsible to help me access the public records for Employee Relations</u>.

(Emphasis sic.)

{¶ 12}    8. Counsel for respondent again replied that redacted copies of the files could be furnished if relator could narrow his request.  Redaction was necessary to avoid revealing information such as home addresses, personal phone numbers, social security numbers, student information, and other specifically exempt items under R.C. 149.43.

{¶ 13} 9. During the course of administrative proceedings addressing relator's termination, the referee produced two orders addressing relator's access to respondent's personnel files.  The first, issued on January 25, 2017, stated that, to the extent the parties appeared to be referring to the referee to settle discovery disputes, the referee opined that discovery as contemplated by the civil rules would not be applicable to R.C. 3319.16 proceedings.  The referee then stated:

> With that said, there is a difference between the applicability of the Civil Rules/discovery and the availability of public records requests.  It is the Referee's opinion that the public records statues are not otherwise affected as a result of these proceedings.  Consequently, the Board of Education, to the extent otherwise applicable, is still subject to proper public records requests. * * *
>
> The Referee is specifically not making any findings regarding the parties' current/future compliance with the public records statutes.  Furthermore, disputes with respect to public records requests are to be handled pursuant to the statute and not by the Referee.

The second order reflected an agreement between the parties that respondent would provide relator with "certain unredacted documents described in his public records request * * * which may be used, along with other documents, as exhibits throughout the termination hearing."

{¶ 14} 10. Over the course of the next few weeks preceding the hearing, respondent released various personnel records to relator but did not allow him unrestricted access to personally inspect the records at their place of keeping.

{¶ 15} 11. Relator filed his complaint for a writ of mandamus in this court on May 3, 2018, requesting a writ compelling respondent "to permit the unrestricted public records inspection of the Employee Relations files in all locations without redaction," along with statutory damages for delay.

{¶ 16} 12. The named respondent in relator's complaint is as follows: "Columbus City Schools Wanda Lillis Appellee/Respondent." Attorney Lillis is counsel for Columbus City Schools on public record request matters and not an appropriate respondent in a mandamus action. The sole effectively-named respondent in this matter is Columbus City Schools.

{¶ 17} 13. Respondent filed its answer on May 10, 2018. The matter was submitted to the magistrate on the briefs of the parties on December 5, 2018.

Discussion and Conclusions of Law:

{¶ 18} In order for this court to issue a writ of mandamus, a relator must show a clear legal right to the relief sought, a clear legal duty for the respondent to perform the requested act, in the absence of a plain and adequate remedy for relator in the ordinary course of the law. *State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28, 29 (1983).

{¶ 19} Ohio's Public Record Act, R.C. 149.43, generally provides that, upon request, a public record shall be promptly prepared and available for inspection to any person at all reasonable times during regular business hours. Among the numerous limitations that the statute creates in derogation of that general proposition, the definitional section statute provides that "public record" does not include any of the following: medical records, R.C. 149.43(A)(1)(a); records the release of which is prohibited by state or federal law, R.C. 149.43(A)(1)(v); and personal information as defined in R.C. 149.45, R.C. 149.43(A)(1)(dd). R.C. 149.45 defines personal information to include, among other categories, an individual's social security number.

{¶ 20} The magistrate concludes that respondent properly responded to the relator's public records request when it declined to grant relator unfettered access to personnel files, which would have inevitably allowed relator to access material specifically exempted from disclosure under R.C. 149.43. Respondent correctly points out that at least one recent Ohio case is directly on point. In *State ex rel. Strothers v. Keenon*, 8th Dist. No. 103313, 2016-Ohio-405, the requestor sought all personnel files from the East Cleveland Board of Education. The Eighth District held that "the Board cannot simply turn over the files for [requestor's] inspection as he contends. It must first review and remove any documents that are not public records and are prohibited by federal and state

law from disclosure, and the Board must also make copies if any information needs to be redacted on a document such as social security numbers." *Id.* at ¶ 26.

{¶ 21} Nor can relator rely on the referee's orders issued during the course of administrative proceedings leading to relator's termination. The referee's first order specifically and correctly noted that the referee obviously lacked jurisdiction over a public records request proceeding independently of the administrative proceedings addressing relator's termination of employment. The referee's second order noted that the prospective release of records mentioned therein reflected only a negotiated agreement between the parties as to certain specific records requested by relator.

{¶ 22} Columbus City Schools have no obligation to provide the unfettered access to records requested, relator has no legal right to access the records, and it is accordingly the magistrate's decision that this court deny the requested writ of mandamus.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).