[Cite as *Humphries v. Lorain City School Dist. Bd. of Edn.*, 2017-Ohio-8429.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| ALICESON B. HUMPHRIES | C.A. No. 16CA011074 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LORAIN CITY SCHOOL DISTRICT, et al. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellees | CASE No. 16CV188922 |

DECISION AND JOURNAL ENTRY

Dated: November 6, 2017

SCHAFER, Presiding Judge.

{¶1} Plaintiff-Appellant, Aliceson B. Humphries, appeals the judgment of the Lorain County Court of Common Pleas affirming the decision of Defendant-Appellee, the Lorain City School District Board of Education ("Board"), terminating Ms. Humphries' employment with the Board. We reverse and remand to the lower court for further consideration consistent with this opinion.

I.

{¶2} Ms. Humphries was employed by the Board in various positions from approximately 1996 until her termination in 2016. At the time of her termination Ms. Humphries served as the Director of Lorain Digital Academy, pursuant to a two-year administrative limited contract, and also held a continuing teaching contract. The Board's decision to terminate Ms. Humphries stems from her conduct at a Lorain City School District track meet and senior athlete

recognition ceremony, which took place on school property at George Daniel Field on May 6, 2015.

{¶3} Ms. Humphries attended the May 6, 2015 track event along with her sister, Natalie. Natalie's daughter, Ms. Humphries' niece, was a Lorain City School District student being recognized as a senior track athlete. At the track event the niece refused to participate in the recognition ceremony. This angered her mother, Natalie, and the two began to argue. Ms. Humphries intervened in this argument, which ultimately turned physical as a "brawl" ensued, involving Ms. Humphries, Natalie, and the niece. Security officers eventually escorted the niece to the parking lot. While she was being escorted, Ms. Humphries went up and "struck" or "bopped" her niece on the head.

{¶4} Ms. Humphries was placed on paid administrative leave, but directed to stay off school property as of May 7, 2015 pending the Board's investigation of her conduct during the track incident. Upon the conclusion of the investigation, the Board issued notice to Ms. Humphries of a hearing to address the Board's anticipated recommendation to initiate termination proceedings against Ms. Humphries. After that hearing, which took place on July 22, 2015, the Board approved a resolution to initiate termination proceedings. In addition to finding that she engaged in inappropriate verbal and physical aggression toward a student—her niece—during the track incident, the Board also considered Ms. Humphries' conduct concerning an unrelated incident in June 29, 2009, wherein Ms. Humphries was disciplined for her use of profanities and physical confrontation with a student.

{¶5} On August 19, 2015, the Board issued a notice of intention to consider termination based on its August 17, 2015 resolution, and suspended Ms. Humphries' contract without pay or benefits. Ms. Humphries made a timely demand for a hearing to be conducted

before a referee. The hearing commenced on November 16, 2015, concluded with the parties' submission of post-hearing briefs in January, and the referee thereafter issued a report and recommendation on January 22, 2016. The referee's report summarized the proceedings and the testimony spanning the four-day long hearing, and issued findings of fact. Based on these findings of fact, the referee's conclusion of law stated:

> [Ms. Humphries]'s actions in physically involving herself in attempting to get her niece to participate in the recognition ceremony, in involving herself physically in the ensuing brawl at the gate rather than involve security and in "bopping" her niece while the niece was being escorted by the security officer, constitute "just cause" under the statute for discipline.

However, the referee made a recommendation that, while "[d]iscipline is warranted," "termination of this high performing administrator is excessive."

{¶6} The Board considered the referee's report and, by a four-to-one vote, issued a resolution on February 4, 2016 that rejected the referee's recommendation. The Board found that it was "both against the greater weight of the evidence presented and incorrectly concludes that although Ms. Humphries' conduct 'constitutes "just cause" under the statute for discipline,' 'termination * * * is excessive.'" The Board's resolution also terminated Ms. Humphries' employment contracts effective February 5, 2016. The resolution detailed the Board's consideration of the referee's report and articulated the various reasons for rejecting the referee's recommendation on termination. Essential to its rejection of the recommendation was the Board's conclusion that the referee's findings of fact omitted or ignored a number of "material and undisputed facts concerning Ms. Humphries' misconduct," and the Board's rejection of many of the referee's findings of facts as being against the greater weight of the evidence.

{¶7} Ms. Humphries appealed the Board's determination to the court of common pleas. The lower court determined "[i]n this matter, the Board did not reject the factual findings of the

referee." In affirming the Board's decision, the court found that the Board can and did reject the referee's recommendation, and that such rejection was not contrary to law. Ms. Humphries now appeals the trial court's decision to affirm the Board's decision to terminate her contracts.

{¶8} At the outset, we note that Ms. Humphries's brief alleges the lower court erred in "dismissing" the complaint. Attached to her brief as "A1" is a public docket printout of the Lorain County Clerk of Court of Common Pleas, which contains a November 28, 2016 notation that Ms. Humphries incorrectly refers to as an order dismissing her action. Also attached to her brief as "A2" is the journal entry from which Ms. Humphries currently appeals. This journal entry affirms the decision of the Board, but does not "dismiss" Ms. Humphries' administrative action. For the purposes of considering the issues raised on appeal, we will construe Ms. Humphries' references to a dismissal as properly referring to the decision to affirm the Board's order of termination.

{¶9} Ms. Humphries raises two assignments of error. For ease of analysis, we elect to address them together.

II.

### Assignment of Error I

**The lower court committed reversible error in dismissing the complaint because both the court and the [Board] failed to apply due deference to the factual findings of the hearing referee.**

### Assignment of Error II

**The lower court committed reversible error in dismissing because the dismissal was against the manifest weight of the evidence which favored [Ms. Humphries].**

{¶10} Ms. Humphries contends that the lower court and the Board were obliged to defer to the referee's factual findings, but failed to do so. She argues that the lower court identified the

obligation to defer to factual findings, but faults the Board and the lower court for disregarding the weight of the evidence and for failing to give due deference to the referee's factual findings. She also takes issue with the Board's decision to reject the referee's recommendation to discipline without termination, as well as the trial court's affirmance of the board's actions. Therefore, this Court must determine whether the lower court abused its discretion in determining that the Board afforded due deference to the referee's findings of fact and recommendation, and that the Board's actions were supported by the weight of the evidence and not contrary to law.

{¶11} R.C. 3319.16 is the statutory mechanism for the board of education to terminate a teacher's contract. That statute pronounces that "[t]he contract of any teacher employed by the board of education of any city * * * school district may not be terminated except for good and just cause." R.C. 3319.16. Procedurally, prior to terminating a contract, "the employing board shall furnish the teacher a written notice signed by its treasurer of its intention to consider the termination of the teacher's contract with full specification of the grounds for such consideration" and then wait until the tenth day after the teacher has received notice before proceeding with formal action to terminate. *Id.* The teacher has a period of ten days from the receipt of this notice to make a written demand for a hearing before the board or a referee. *Id.* If either the teacher or the board demands a referee to conduct the hearing, one shall be appointed pursuant to R.C. 3319.161. *Id.*

{¶12} Within ten days from the conclusion of the hearing, R.C. 3319.16 requires the referee to file a report. "After consideration of the referee's report, the board, by a majority vote, may accept or reject the referee's recommendation on the termination of the teacher's contract" and "may enter its determination upon its minutes." R.C. 3319.16. "The referee's findings of

fact must be accepted unless such findings are against the greater weight, or preponderance, of the evidence." *Aldridge v. Huntington Local School Dist. Bd. of Edn.*, 38 Ohio St.3d 154 (1988), paragraph one of the syllabus. However, a board "has the discretion to accept or reject the recommendation of the referee unless such acceptance or rejection is contrary to law." *Id.*, at paragraph two of the syllabus.

{¶13} Pursuant to R.C. 3319.16, any teacher affected by a contract termination has the right to appeal the order of termination to the court of common pleas. "The court shall examine the transcript and record of the hearing and shall hold such additional hearings as it considers advisable, at which it may consider other evidence in addition to the transcript and record." R.C. 3319.16. The common pleas court may reverse a board's order terminating a teacher's contract "where it finds that such order is not supported by or is against the weight of the evidence." *Graziano v. Bd. of Edn.*, 32 Ohio St.3d 289, 293 (1987), quoting *Hale v. Bd. of Edn.*, 13 Ohio St. 2d 92 (1968), paragraph one of the syllabus (construing and applying R.C. 3319.16).

{¶14} Either the teacher or the board may appeal the common pleas court's decision granting or denying the relief prayed for in the complaint. R.C. 3319.16. The appellate court's review of this special proceeding is rather narrow and limited to a review for abuse of discretion. *Graziano*, 32 Ohio St.3d at 294. "Absent an abuse of discretion on the part of the trial court, the court of appeals may not engage in what amounts to a substitution of judgment of the trial court in an R.C. 3319.16 proceeding." *Id*. The abuse of discretion standard, therefore, applies to our review of both of Ms. Humphries' assignments of error.

{¶15} The board is not bound by the referee's recommendations, however "due deference must be accorded to the findings and recommendation of the referee * * * especially where there exist evidentiary conflicts, because it is the referee who is best able to observe the

demeanor of the witnesses and weigh their credibility." *Graziano*, 32 Ohio St.3d at 293, citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108 (1980). The Board was required to accept the referee's findings of fact so long as they were not contrary to the weight of the evidence, but the Board's primary duty was to interpret the significance of those facts and so it was vested with the discretion to accept or reject the referee's recommendation. *Aldridge*, 38 Ohio St.3d at 158. There is a distinction between rejecting a referee's findings as against the weight of the evidence, and accepting the factual findings but rejecting the referee's recommendation based upon a different interpretation of those facts: a board "'should, in the spirit of due process, articulate its reasons' for rejecting a referee's recommendation." *Id.* quoting *Graziano*, *supra*.

{¶16} As stated above, the referee's report found just cause under the statute for discipline, but recommended some form of disciplinary action short of termination. The Board rejected the referee's recommendation, voting in favor of terminating Ms. Humphries, and explained its basis for reaching this conclusion. In doing so, the Board did not merely accept the referee's findings of fact and reject the recommendation. Instead, the Board found that the referee omitted and ignored factual evidence, and the Board rejected a number of the referee's findings of fact. Then, based on its independently revised version of facts, the Board opted to terminate Ms. Humphries.

{¶17} The lower court stated that the factual basis for the Board's resolution rejecting the recommendation was the referee's determination that there was good and just cause for discipline. The court acknowledged that the Board was required to accept the referee's findings of fact unless they are against the greater weight of the evidence. However, the court went on to find that the Board *did not reject* the factual findings of the referee—a patently incorrect determination. Although the Board expressed its independent determination that its version of

the facts was consistent with the weight of the evidence, it is apparent that the lower court, based on its mistaken conclusion, never engaged in the analysis to determine whether the Board properly rejected and altered the referee's findings of fact. The court then summarily concluded that the Board's rejection of the recommendation of the referee was not contrary to law.

{¶18} To permit the Board's rejection of the referee's findings of fact to go unexamined would thwart the purpose of the requirements set out in R.C. 3319.16, and disregard the teacher's right to demand a hearing before a referee as a neutral arbiter of fact. Accordingly, we conclude that the lower court abused its discretion when it affirmed the resolution of the Board, which altered and rejected the referee's findings of fact and rejected the referee's recommendation, without determining whether the Board properly rejected the referee's findings of fact as being against the weight of the evidence. Because the court failed to recognize the Board's numerous rejections of the referee's findings of fact, the court also abused its discretion in affirming the Board's decision without first considering whether the Board afforded the referee's factual findings and recommendation due deference. Therefore, Ms. Humphries' assignments of error are sustained, and this matter is remanded to the lower court for further proceedings consistent with this opinion.

## III.

{¶19} Both of Ms. Humphries' assignments of error are sustained, and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
And cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

AVERY FRIEDMAN, Attorney at Law, for Appellant.

SUSAN HASTINGS, ANTHONY GIARDINI, and EMILY GRANNIS, Attorneys at Law, for Appellee.