[Cite as *Humphries v. Lorain City School Dist. Bd. of Edn.*, 2019-Ohio-2263.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ALICESON HUMPHRIES

    Appellant

    v.

LORAIN CITY SCHOOL DISTRICT, et al.

    Appellees

C.A. No.      18CA011380

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16CV188922

DECISION AND JOURNAL ENTRY

Dated: June 10, 2019

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Aliceson B. Humphries, appeals the judgment of the Lorain County Court of Common Pleas affirming the decision of Defendant-Appellee, the Lorain City School District Board of Education ("Board"), terminating Ms. Humphries' employment with the Board. This Court affirms.

I.

{¶2} This court previously summarized the relevant facts and history of this case in a prior appeal:

> Ms. Humphries was employed by the Board in various positions from approximately 1996 until her termination in 2016. At the time of her termination Ms. Humphries served as the Director of Lorain Digital Academy, pursuant to a two-year administrative limited contract, and also held a continuing teaching contract. The Board's decision to terminate Ms. Humphries stems from her conduct at a Lorain City School District track meet and senior athlete recognition ceremony, which took place on school property at George Daniel Field on May 6, 2015.

Ms. Humphries attended the May 6, 2015 track event along with her sister, Natalie. Natalie's daughter, Ms. Humphries' niece, was a Lorain City School District student being recognized as a senior track athlete. At the track event the niece refused to participate in the recognition ceremony. This angered her mother, Natalie, and the two began to argue. Ms. Humphries intervened in this argument, which ultimately turned physical as a "brawl" ensued, involving Ms. Humphries, Natalie, and the niece. Security officers eventually escorted the niece to the parking lot. While she was being escorted, Ms. Humphries went up and "struck" or "bopped" her niece on the head.

Ms. Humphries was placed on paid administrative leave, but directed to stay off school property as of May 7, 2015 pending the Board's investigation of her conduct during the track incident. Upon the conclusion of the investigation, the Board issued notice to Ms. Humphries of a hearing to address the Board's anticipated recommendation to initiate termination proceedings against Ms. Humphries. After that hearing, which took place on July 22, 2015, the Board approved a resolution to initiate termination proceedings. In addition to finding that she engaged in inappropriate verbal and physical aggression toward a student—her niece—during the track incident, the Board also considered Ms. Humphries' conduct concerning an unrelated incident in June 29, 2009, wherein Ms. Humphries was disciplined for her use of profanities and physical confrontation with a student.

On August 19, 2015, the Board issued a notice of intention to consider termination based on its August 17, 2015 resolution, and suspended Ms. Humphries' contract without pay or benefits. Ms. Humphries made a timely demand for a hearing to be conducted before a referee. The hearing commenced on November 16, 2015, concluded with the parties' submission of post-hearing briefs in January, and the referee thereafter issued a report and recommendation on January 22, 2016. The referee's report summarized the proceedings and the testimony spanning the four-day long hearing, and issued findings of fact. Based on these findings of fact, the referee's conclusion of law stated:

> [Ms. Humphries]'s actions in physically involving herself in attempting to get her niece to participate in the recognition ceremony, in involving herself physically in the ensuing brawl at the gate rather than involve security and in "bopping" her niece while the niece was being escorted by the security officer, constitute "just cause" under the statute for discipline.

However, the referee made a recommendation that, while "[d]iscipline is warranted," "termination of this high performing administrator is excessive."

The Board considered the referee's report and, by a four-to-one vote, issued a resolution on February 4, 2016 that rejected the referee's recommendation. The Board found that it was "both against the greater weight of the evidence presented and incorrectly concludes that although Ms. Humphries' conduct 'constitutes "just

cause" under the statute for discipline,' 'termination * * * is excessive.'" The Board's resolution also terminated Ms. Humphries' employment contracts effective February 5, 2016. The resolution detailed the Board's consideration of the referee's report and articulated the various reasons for rejecting the referee's recommendation on termination. Essential to its rejection of the recommendation was the Board's conclusion that the referee's findings of fact omitted or ignored a number of "material and undisputed facts concerning Ms. Humphries' misconduct," and the Board's rejection of many of the referee's findings of facts as being against the greater weight of the evidence.

*Humphries v. Lorain City School Dist.*, 9th Dist. Lorain No. 16CA011074, 2017-Ohio-8429, ¶ 2-6 ("*Humphries I*").

{¶3} Ms. Humphries appealed the Board's determination to the court of common pleas. The lower court affirmed the Board's decision finding that the Board had not rejected the factual findings of the referee, and further finding that the Board did reject the referee's recommendation and that such rejection was not contrary to law. Ms. Humphries then appealed the trial court's decision. This Court determined that the trial court abused its discretion when it erroneously found that the Board did not reject the factual findings of the referee. Consequently, we remanded for the trial court to determine whether the Board properly rejected and altered the referee's findings of fact and, upon due consideration, whether the Board properly resolved to terminate Ms. Humphries' contracts. *Humphries I*, ¶ 17-18.

{¶4} Following our remand, the trial court issued another decision affirming the Board's decision to terminate Ms. Humphries' employment. Ms. Humphries timely appealed the trial court's decision, presenting a single[1] assignment of error for our review.

---

[1] In the statement of assignments of error, in the introduction to her merit brief, Ms. Humphries listed two assignments. The body of her brief, however, presents only one assignment of error. Pursuant to App.R. 12(A)(2) this Court "may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *See* Loc.R. 7(B)(7). Accordingly, we will limit our review to the assignment presented in the brief.

II.

### Assignment of Error

**The lower court committed reversible error by failing again to employ due deference to the hearing referee.**

{¶5} Ms. Humphries contends that, in reviewing the Board's resolution, the lower court recognized the obligation to defer to the factual findings, but "failed to employ the <u>application</u> of the deference." (Emphasis sic.). Initially we note that Ms. Humphries was required to include in her brief an argument containing the contentions with respect to her assignment of error and include the standard or standards of review applicable to that assignment of error under a separate heading placed before the discussion of the issues. Loc.R. 7(B)(7). However, the contentions in support of her assigned error are only vaguely discernable, and Ms. Humphries has not clearly identified the applicable standard of review. Nevertheless, we are guided by the statutory standard of review for this administrative proceeding set forth in R.C. 3319.16.

#### A. Procedure for termination of a teacher's contract

{¶6} R.C. 3319.16 is the statutory mechanism for the board of education to terminate a teacher's contract. That statute pronounces that "[t]he contract of any teacher employed by the board of education of any city * * * school district may not be terminated except for good and just cause." R.C. 3319.16. Procedurally, prior to terminating a contract, "the employing board shall furnish the teacher a written notice signed by its treasurer of its intention to consider the termination of the teacher's contract with full specification of the grounds for such consideration" and then wait until the tenth day after the teacher has received notice before proceeding with formal action to terminate. *Id.* The teacher has a period of ten days from the receipt of this notice to make a written demand for a hearing before the board or a referee. *Id.* If

either the teacher or the board demands a referee to conduct the hearing, one shall be appointed pursuant to R.C. 3319.161. *Id.*

1. Board's consideration of the referee's report

**{¶7}** Within ten days from the conclusion of the hearing, R.C. 3319.16 requires the referee to file a report. "After consideration of the referee's report, the board, by a majority vote, may accept or reject the referee's recommendation on the termination of the teacher's contract" and "may enter its determination upon its minutes." R.C. 3319.16. "The referee's findings of fact must be accepted unless such findings are against the greater weight, or preponderance, of the evidence[.]" *Aldridge v. Huntington Local School Dist. Bd. of Edn.*, 38 Ohio St.3d 154 (1988), paragraph one of the syllabus. However, a board "has the discretion to accept or reject the recommendation of the referee unless such acceptance or rejection is contrary to law." *Id.*, at paragraph two of the syllabus.

2. Appeal to the court of common pleas

**{¶8}** Pursuant to R.C. 3319.16, any teacher affected by a contract termination has the right to appeal the order of termination to the court of common pleas. "The court shall examine the transcript and record of the hearing and shall hold such additional hearings as it considers advisable, at which it may consider other evidence in addition to the transcript and record." R.C. 3319.16. The scope of the common pleas court's review does not provide for a trial de novo. *Graziano v. Bd. of Edn.*, 32 Ohio St.3d 289, 293 (1987). The common pleas court may reverse a board's order terminating a teacher's contract "where it finds that such order is not supported by or is against the weight of the evidence." *Id.*, quoting *Hale v. Bd. of Edn.*, 13 Ohio St.2d 92 (1968), paragraph one of the syllabus (construing and applying R.C. 3319.16).

3. Appellate court review

{¶9} Either the teacher or the board may appeal the common pleas court's decision granting or denying the relief prayed for in the complaint. R.C. 3319.16. The appellate court's review of this special proceeding is rather narrow and limited to a review for abuse of discretion. *Graziano* at 294. "Absent an abuse of discretion on the part of the trial court, the court of appeals may not engage in what amounts to a substitution of judgment of the trial court in an R.C. 3319.16 proceeding." *Id*. The abuse of discretion standard, therefore, applies to our review of Ms. Humphries' assignment of error.

## B. **Manifest weight of the evidence**

{¶10} One argument asserted by Ms. Humphries is that the "lower court disregarded the manifest weight of the evidence." Although a manifest weight of the evidence argument is clearly distinguishable from the assigned error contending that the lower court failed to employ due deference to the hearing referee, Ms. Humphries attempts to weave this argument into her assignment of error without arguing it separately as required by App.R. 12(A)(2) and Loc.R. 7(B)(7). That issue aside, Ms. Humphries has not explained how this argument fits within the framework of this Court's very limited and narrow scope of review, which does not permit review as to whether the trial court's decision is contrary to the manifest weight of the evidence. Accordingly, we decline to consider this unsupported contention.

## C. **Due deference to the referee's findings of fact**

{¶11} Ms. Humphries also argues that the "lower court simply failed to apply the due deference standard." She contends that the lower court failed to "utilize[] the appropriate legal standard of deferring to the hearing referee on disposition of this case."

{¶12} While the Board was not bound by the referee's recommendations, "due deference must be accorded to the findings and recommendation of the referee * * * especially where there exist evidentiary conflicts, because it is the referee who is best able to observe the demeanor of the witnesses and weigh their credibility." *Graziano*, 32 Ohio St.3d at 293, citing *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108 (1980). The Board was required to accept the referee's findings of fact to the extent that they were not contrary to the greater weight of the evidence, but the Board's primary duty was to interpret the significance of those facts and so it was vested with the discretion to accept or reject the referee's recommendation. *Aldridge*, 38 Ohio St.3d at 158. There is a distinction between rejecting a referee's findings as against the weight of the evidence, and accepting the factual findings but rejecting the referee's recommendation based upon a different interpretation of those facts: a board "'should, in the spirit of due process, articulate its reasons' for rejecting a referee's recommendation." *Id.* quoting *Graziano* at 293.

{¶13} In its decision, the trial court determined that the Board gave "due deference" to the referee's findings of fact and recommendation. Specifically, the trial court found that the Board made an "extensive review of the record and afforded substantial deference to the referee." Further, the trial court found that the Board recognized "numerous examples of the referee ignoring key testimony of four independent, unbiased witnesses as well as several admissions by [Ms. Humphries]." The trial court concluded that the greater weight of the evidence of record supported the Board's rejection of some findings of fact and its inclusion of additional findings of fact in its resolution.

{¶14} Regarding the referee's recommendation, the trial court noted that the referee's report found just cause for discipline under R.C. 3319.16. The trial court found that the Board

accepted the referee's conclusion that just cause existed, but disagreed with the opinion expressed by the referee that terminating Ms. Humphries was too harsh a punishment. Accordingly, the trial court determined that the Board properly considered the significance of the findings of fact in concluding that good and just cause existed for termination.

{¶15} Based on the foregoing, this Court concludes that Ms. Humphries' argument that the trial court failed to utilize the correct legal standard is without merit. The trial court applied the correct standard in determining that the Board's order terminating Ms. Humphries' contract was supported by the weight of the evidence. *See Graziano*, 32 Ohio St.3d at 293. Therefore, we do not find that the trial court abused its discretion in its application of law.

{¶16} Ms. Humphries' assignment of error is overruled.

III.

{¶17} Ms. Humphries' assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the

mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

AVERY FRIEDMAN, Attorney at Law, for Appellant.

ANTHONY GIARDINI, Attorney at Law, for Appellees.

EMILY GRANNIS, Attorney at Law, for Appellees.

TODD MARTI, Office of the Attorney General, for Apellees.